## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 01 2017, 9:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeffery A. Earl
Danville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Abigail R. Recker
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

In Re Z.B-M. (minor child),

R.M.,

*Appellant-Respondent,*

v.

The Indiana Department of
Child Services,

*Appellee-Petitioner.*

August 1, 2017

Court of Appeals Case No.
32A01-1703-JC-486

Appeal from the Hendricks
Superior Court

The Honorable Karen M. Love,
Judge

Trial Court Cause No.
32D03-1609-JC-108

**Mathias, Judge.**

[1] The Hendricks Superior Court adjudicated Z.B-M. a child in need of services ("CHINS"). R.M. ("Father"), appeals the adjudication and argues that the trial

court abused its discretion when it denied his motion to continue the fact-finding hearing.

[2] We affirm.

## Facts and Procedural History

[3] Z.B-M. is a fourteen-year-old boy who suffers from cognitive delays and requires supervision. Father has established his paternity to Z.B-M. and has had custody of the child since he was "very young." Appellant's App. p. 7. Z.B-M.'s mother lives in Ohio and does not exercise regular visitation.[1]

[4] Father is married. During the summer of 2016, Father and his wife fought, and Father and Z.B-M. removed themselves from the marital residence at his wife's request.

[5] On August 10, 2016, the Department of Child Services ("DCS") received a report that Father and Z.B-M. were homeless and living in Father's car. Father admitted that he and his son were homeless, that they were using public park facilities to bathe, and Z.B-M.'s school was providing food for him. Father told the family case manager that he was trying to find a job and a hotel room. The family case manager gave Father a list of shelters and food pantries.

---

[1] Mother participated in the CHINS proceedings and does not appeal the trial court's order naming Z.B-M. a CHINS.

[6]     The DCS received eleven additional reports that Father and Z.B-M. were homeless between its initial contact with Father on August 12, 2016 and September 8, 2016. On September 8, Z.B-M.'s school contacted the DCS because Father did not pick Z.B-M. up from school. Father was temporarily working at a PGA tournament several miles from the school. Father admitted that he dropped Z.B-M. off at school before it opened and did not have a plan for after-school care.

[7]     The DCS detained Z.B-M. on September 8 and placed him in foster care. The next day, the DCS filed a petition alleging that Z.B-M. is a CHINS. The DCS alleged that Father and Z.B-M. were homeless, Father removed himself from the marital residence after a physical fight with his wife, Father has mental health issues and was hospitalized on August 13, 2016 for suicidal thoughts, and Father does not have a source of income. The DCS also alleged that Father left Z.B-M. at school on September 8, was not present to pick up his child when the students were released for the day, and had no idea what time he would be able to return to the school. Z.B-M. also had no way to contact Father.

[8]     The trial court held a fact-finding hearing on the CHINS petition on November 9, 2016. Approximately one week prior to the hearing, Father was arrested for disorderly conduct and intimidation. Because Father was on probation when he was arrested, a petition was filed to revoke his probation, and he was held in jail on the alleged probation violation. Father was still in jail on the date of the fact-finding hearing.

[9]    At the hearing and shortly after the DCS began to examine Z.B-M.'s family case manager, Father's attorney asked the trial court to continue the fact-finding hearing and stated,

> I was under the impression this was going to be a start stop fact finding hearing after speaking with [the DCS's attorney]. My client has some evidence that he'd like to have presented but hasn't had the ability to procure that evidence because he is in jail and in the custody of the Sheriff . . . .

Tr. p. 34. The DCS objected to continuing the hearing because Father was incarcerated and argued that Father was arrested a week prior to the hearing, and therefore, he had adequate time before he was incarcerated to gather any evidence he wished to present. *Id.* The trial court denied Father's motion to continue the fact-finding hearing.

[10]   Father admitted that due to his incarceration he is unable to provide supervision, shelter, or food for Z.B-M. However, he stated he had a friend who lives in Dayton, Ohio, who was willing to care for his child. Father texted pictures of his friend's residence to the family case manager.

[11]   The trial court concluded that Father was unable to provide Z.B-M. with the shelter and the supervision he needs. The court noted that before the DCS detained Z.B-M., Father was given thirty days to arrange adequate shelter and supervision for his child, but Father was unable to do so. The court also found that "Father's ability to provide adequate shelter for [Z.B-M.] continued to deteriorate while this case was pending." Appellant's App. p. 13. The trial court adjudicated Z.B-M. a CHINS, and Father appeals.

# Discussion and Decision

[12] Father argues that the trial court abused its discretion when it denied his motion to continue the fact-finding hearing.

> [A] trial court's decision to grant or deny a motion to continue is subject to abuse of discretion review. "An abuse of discretion may be found in the denial of a motion for a continuance when the moving party has shown good cause for granting the motion," but "no abuse of discretion will be found when the moving party has not demonstrated that he or she was prejudiced by the denial."

*In re K.W.*, 12 N.E.3d 241, 243-44 (Ind. 2014) (citation omitted); *see also* Ind. Trial Rule 53.5 (allowing a court to grant a continuance upon a showing of "good cause").

[13] Father argues that his counsel believed that the November 9, 2016 fact-finding hearing was going to be a "start stop fact finding" and the hearing would be continued to a later date. Appellant's Br. at 8. Father claims that he was unable to procure evidence he wanted to present at the fact-finding hearing due to his incarceration during the week leading up to the hearing.

[14] Father contends that he was prejudiced because he was unable "to present evidence beyond his own testimony of available, suitable living arrangements[.]" *Id.* at 9. However, Father had nearly two months prior to his incarceration to arrange for a place for himself and Z.B-M. to live. He also had the opportunity to procure evidence that he had obtained suitable living arrangements for himself and his child.

[15] Father and Z.B-M. were homeless and lived in Father's car for approximately thirty days before the DCS detained Z.B-M. and placed him in foster care. During that thirty days, the DCS provided Father with information on shelters and food banks. Father did not take advantage of the resources available to him. For nearly sixty days after the DCS detained Z.B-M., Father was still not able to find a suitable home for himself and his son.

[16] Father claims he was unable to procure evidence that he wanted to present at the fact-finding hearing, but he did not explain what the evidence was or what it would have established. Moreover, Father testified that he had a friend in Ohio who agreed to care for Z.B-M, but the trial court was not required to credit Father's testimony. Father stated that he texted pictures of his friend's home to the family case manager. Father argued that this was a suitable home for Z.B-M., and therefore, his child was not a CHINS.

[17] For all of these reasons, Father has not established that he was denied the opportunity to present evidence on his own behalf as a result of his incarceration and that he was prejudiced when the trial court denied his motion to continue the fact-finding hearing. We therefore affirm the trial court's order adjudicating Z.B-M. a CHINS.

[18] Affirmed.

Vaidik, C.J., and Crone, J., concur.